|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | JS-6 |

### CIVIL MINUTES -- GENERAL

| Case No. | **CV 23-276-JFW(RAOx)** | Date: March 29, 2023 |
|---|---|---|
| Title: | Sanjiv Goel M.D., Inc. *-v-* United HealthCare Services, Inc., et al. | |

**PRESENT:**

      **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND [filed 2/28/2023; Docket No. 30]

      On February 28, 2023, Plaintiff Sanjiv Goel M.D., Inc. ("Plaintiff") filed a Motion for Remand. On March 13, 2023, Defendant United HealthCare Services, Inc. ("Defendant") filed its Opposition. On March 16, 2023, Plaintiff filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for April 3, 2023 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

      A motion to remand is the proper procedure for challenging removal.  *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995).  The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999).  Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal.  *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

      The Court adopts the reasoning of Judge Dolly M. Gee in her Order dated March 16, 2023 attached to Plaintiff's Reply as Exhibit A (Docket No. 33-1).  Accordingly, Plaintiff's Motion for Remand is **GRANTED** and this action is **REMANDED** to Ventura County Superior Court.  The Court denies Plaintiff's request for attorneys' fees.

      IT IS SO ORDERED.